**Entered on Docket
July 03, 2008**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed: July 01, 2008**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                             No. 08-42070 TM
                                                  Chapter 7
DENNIS TINER, BRENDA TINER,

        Debtors.
_____/

**MEMORANDUM OF DECISION**

    Sara L. Kistler, Acting United States Trustee, (the "UST") moves to dismiss the above-captioned case pursuant to 11 U.S.C. § 707(a) and 11 U.S.C. § 349[1]. Dennis and Brenda Tiner (the "Debtors"), the above-captioned debtors, oppose the motion. For the reasons stated below, the motion will be GRANTED.

**BACKGROUND**

    The Debtors filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code on April 28, 2008. In the past twenty years, the Debtors have filed for bankruptcy eight times. The instant case was the Debtors' fourth chapter 7 filing since

---

[1] All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise specified.

November of 2006.  Each of their three most recent filings was dismissed.

The Debtors filed a chapter 7 petition on November 20, 2006. The Debtors applied for and were denied in forma pauperis status, but they did not pay their filing fee.  The Debtors did not appear at the first meeting of creditors.  The Debtors also failed to file their statistical summary of certain liabilities, schedules, statement of financial affairs, and their means test form.  The Debtors' case was dismissed on January 24, 2007 on a motion of the UST based on their failure to obtain credit counseling.  On March 15, 2007, US Bank obtained ownership of the Debtors' home via a foreclosure sale.

The Debtors filed their next chapter 7 petition on May 9, 2007.  Their petition did not disclose the previous bankruptcy case.  This time, Brenda Tiner submitted a certificate of credit counseling.  Dennis Tiner, who is blind, claimed an exemption to the credit counseling due to disability.  No motion was filed for a determination of his right to such an exemption.  The Debtors again applied for and were denied in forma pauperis status, but were allowed to pay the filing fee in installments.  The court received no payments.  The Debtors failed to appear at the continued meeting of creditors.  They did not file the means test or the voluntary petition form.  Their case was dismissed on July 24, 2007 for failure to file these forms.

The Debtors filed their next chapter 7 petition on January 4, 2008.  The Debtors failed to disclose the previous two cases in

their petition.  The Debtors applied for and were denied in forma pauperis status.  They were again allowed to pay the filing fee in installments and again failed to make any payments.  The Debtors did not submit their federal income taxes to the Chapter 7 Trustee. Mrs. Tiner submitted the same credit counseling certificate she had used in the previous case even though it was more than a year old by that time.  Mr. Tiner again claimed an exemption from the credit counseling requirement for disability, but no motion was filed for a determination of his right to such an exemption.  US Bank was granted relief from the automatic stay so that it could repossess the Debtors' home.  The sheriff's lockout was authorized to occur on or before February 8, 2008.  The Debtors' case was dismissed on February 27, 2008 when they did not appear at either the first or second meeting of creditors.

The instant case was filed on April 28, 2008.  The Debtors failed to disclose the previous three cases in their petition. Mrs. Tiner submitted the same certificate of credit counseling, dated December 12, 2006, that she submitted in the previous two cases.  Mr. Tiner again claimed a disability exemption but did not file a motion for determination of his right to an exemption.  The Court denied Debtors' application for in forma pauperis status.

In an order dated May 1, 2008, the Debtors were ordered to pay the current filing fee in full plus the back filing fees owed to the Court by May 12, 2008, or their case would be dismissed.  The Debtors did not make any payments.

3

On May 7, 2008, the UST moved under §§ 707(a) and 349 to dismiss the case with prejudice and to bar future filings for two years with sanctions of $5,000 if violated. A hearing was held on June 4, 2008. Mr. Tiner appeared and stated that he had not received notice of the hearing and had only heard about it at that morning's meeting of creditors. He claimed that he had filed a change of address form with the court, which had been lost. The address he listed on his petition was the address of the house that had been foreclosed on in March of 2007. He also listed that house as a secured asset in his schedule D. At the hearing, Mr. Tiner claimed that he had not filed in bad faith and simply had not understood the forms or procedures. He asserted that at this point he simply wanted to discharge his substantial unsecured debts.

The Court took the matter under submission in order to review the docket.

**DISCUSSION**

The UST argues that this case should be dismissed for bad faith pursuant to § 707(a).

Section 707(a) provides that a court may dismiss a case for cause, including:

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file,

4

> within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of § 521 . . .

11 U.S.C. § 707(a).

Bad faith does not constitute cause under § 707(a)

The UST cites In re Mitchell for the proposition that bad faith may be cause to dismiss a Chapter 7 petition under § 707(a). However, the court in that case considered how to determine whether debtors have filed a petition in bad faith under § 707(b)(3). It held that a finding of bad faith under § 707(b)(3) would constitute "cause" for the purposes of dismissal with prejudice under § 349. Mitchell, 357 B.R. 142, 157 (Bankr. C.D. Cal. 2006). The court did not address whether bad faith constitutes cause under § 707(a).

In fact, the Ninth Circuit has ruled explicitly that bad faith does not constitute cause under § 707(a), reasoning that § 707(b) would not be necessary if "cause" under § 707(a) were meant to include bad faith. In re Padilla, 222 F.3d 1184, 1194 (9th Cir. 1999). Although it is possible that the Debtors' conduct constitutes bad faith under § 707(b)(3), the UST moved under § 707(a). This case should not be dismissed for bad faith pursuant to § 707(a).

Conduct that constitutes cause under § 707(a)

The UST states that the Debtors' serial filings were prejudicial to their creditors. The Debtors' creditors have been prejudiced because of the Debtors' omission of their previous

5

bankruptcies in their petition. This omission could have led creditors to believe that the automatic stay was in place, even though it was not due to the Debtors' previous filing. However, the Debtors do not presently have any secured debt. The Chapter 7 Trustee has certified that there are no assets to administer for the benefit of the creditors of the estate. So, although there is some evidence of prejudice to the Debtors' creditors, these creditors are no worse off due to the Debtors' serial filings.

The Debtors have failed to comply with the pre-petition credit counseling requirement mandated by § 109(h). Brenda Tiner's credit counseling certificate was more than one year old when the Debtors filed the instant case. She has not alleged any exemption from the credit counseling requirement. This Court has waived the requirement if there is evidence that the debtor is using the credit counseling requirement offensively in order get a case dismissed after receiving the benefit of the automatic stay. <u>In re Withers</u>, 2007 Bankr. LEXIS 663 (Bankr. N.D. Cal. 2007). Other courts have ruled that the credit counseling requirement may be waived when it was complied with in spirit. <u>In re Bricksin</u>, 346 B.R. 497 (Bankr. N.D. Cal. 2006) (finding that participation in a debt repayment plan constitutes ongoing credit counseling). Neither of these exceptions apply to Mrs. Tiner. She has not offered any reason why she should be exempt from the requirements of § 109(h).

Mr. Tiner has claimed an exemption from the credit counseling requirement due to disability. Section 109(h) defines disability

6

as "so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing." Mr. Tiner is blind. While this may be a disability according to the general definition of disability, it does not meet the high burden established by § 109(h). For instance, Mr. Tiner has not explained how his blindness prevents him from receiving credit counseling over the telephone. Mr. Tiner has not satisfied the exemption for credit counseling due to disability.

Section 707(a)(3) allows dismissal for failing to file any of the information required under § 521(a)(1). The requirement to file a credit counseling certificate is not listed under § 521(a)(1) but is instead listed under § 521(b)(1). However, the Ninth Circuit has ruled that the factors listed in § 707(a) are "illustrative and not exhaustive" and has described the grounds for dismissal under this subsection as "technical and procedural" in nature. In re Padilla, 222 F.3d 1184, 1191-92. The credit counseling requirement is both technical and procedural. Thus, although not expressly noted in § 521, the Court concludes that the Debtors' failure to obtain pre-petition credit counseling is sufficient grounds for dismissal under § 707(a).

The Debtors' failure to pay filing fees falls clearly within § 707(a). Filing fees must be paid to commence a bankruptcy case. 28 U.S.C. § 1930. Thus, the Debtors' failure to pay filing fees serves as a independent ground for dismissal of their case pursuant to § 707(a).

7

<u>Dismissal with prejudice pursuant to § 349</u>.

Section 349(a) authorizes the dismissal of bankruptcy cases with and without prejudice. <u>In re Leavitt</u>, 171 F.3d 1219, 1223 (9th Cir. 1999). Section 349 provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a)

"A dismissal with prejudice bars further bankruptcy proceedings between the parties and is a complete adjudication of the issues." <u>In re Leavitt</u>,171 F.3d at 1223-24. The Bankruptcy Code does not define "cause" for dismissal under § 349. <u>Id.</u> at 1224. The Fourth Circuit held that dismissal with prejudice is only appropriate if a debtor has "engage[d] in egregious behavior that demonstrates bad faith and prejudices creditors . . . ." <u>In re Tomlin</u>, 105 F.3d 933, 937 (4th Cir. 1997). The Ninth Circuit cited to Tomlin when it held that "bad faith is 'cause' for dismissal of a Chapter 13 case with prejudice under § 349(a)." <u>In re Leavitt</u>, 171 F.3d at 1224. The Ninth Circuit requires only a finding of bad faith, and does not specify that creditors must be prejudiced. The court found that there are four factors that bankruptcy courts should consider in determining whether there has been bad faith:

> 1. whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his chapter 13 petition or plan in an inequitable manner
>
> 2. The debtor's history of filings and dismissals
>
> 3. Whether the debtor only intended to defeat state court litigation.
>
> 4. Whether egregious behavior is present

Id. at 1224.

The standards for a finding of bad faith in chapter 7 should be the same as the standards in a chapter 13 case. In re Mitchell, 357 B.R. 142, 154. The harm to creditors and to the court that results from a bad faith filing are the same regardless of the chapter under which the debtor files. Multiple standards are confusing and may encourage chapter shopping in order to receive the most favorable treatment. In addition, the bad faith tests in Chapters 11 and 13 are essentially the same, and there is no reason to deviate from this standard in Chapter 7. Id.

Applying the Leavitt factors to the instant case yields a finding of bad faith. The first factor--that debtors have misrepresented facts in his petition--applies to the Tiners. They have repeatedly failed to disclose their previous bankruptcies. They listed a house as one of their assets despite the fact that the house was deeded to US Bank at a foreclosure sale on March 15, 2007. They listed that house as their address in their current petition even though US Bank was granted a relief from stay to evict them from the property on or after February 8, 2008. Because

9

of this inaccuracy, the Debtors did not receive notices issued by the court.

The second <u>Leavitt</u> factor--the debtor's history of filings and dismissals--also supports a finding of bad faith in the case at bar. The Debtors have filed for bankruptcy a total of eight times. Each of the Tiners received a discharge in 1988, but every subsequent case has been dismissed.

The third <u>Leavitt</u> factor does not apply to the Debtors because there is no indication that the Debtors filed in order to defeat state court litigation.

The fourth <u>Leavitt</u> factor--whether egregious behavior is present--applies to the Debtors. The Debtors have established a pattern of misconduct. They have made misrepresentations in three of the last four petitions. The Debtors have repeatedly failed to comply with the credit counseling requirement. The Debtors have consistently failed to pay their filing fees. The repeated failure to prosecute their case makes their behavior rise to an egregious level. Although a single misrepresentation may be an innocent mistake, the Debtors have repeated the same mistakes under oath several times in a row. The Debtors' explanation is that they did not intend to make misrepresentations, but "[a] finding of bad faith does not require fraudulent intent by the debtor." <u>Leavitt</u> at 1225.

All four factors do not need to be satisfied because the test for bad faith is a totality of the circumstances test. <u>In re Cortez</u>, 349 B.R. 608, 616 (Bankr. N.D. Cal. 2006). Because the

Debtors have satisfied three of the four factors, the totality of the circumstances test demonstrates that the Debtors have acted in bad faith.

Although the Ninth Circuit in <u>Leavitt</u> is silent as to whether there must be a finding of prejudice to creditors in order to dismiss with prejudice, there was substantial evidence of prejudice to creditors in that case. The debtor failed to disclose all of his assets, inflated his expenses, and offered nothing to his largest unsecured creditor. When his second case was dismissed with prejudice, the debtor filed with a different social security number. 171 F.3d 1219, 1225.[2]

Even if prejudice to creditors is required, it has been established in the instant case. The Debtors' omission of their prior bankruptcies would have led creditors to believe a stay was in place even though it was not.

<u>Whether the case should be dismissed with a bar on future filings.</u>

A refiling bar is particularly in the interests of secured creditors. <u>In re Craighead</u>, 377 B.R. 648 (Bankr. N.D. Cal. 2007). Here, there are no secured creditors to protect with a refiling bar.

However, a number of dismissals for failure to prosecute suggests that the Debtors are vexatious litigants. <u>In re Walker</u>, 231 B.R. 343, 350 (N.D. Cal.1999). The court should consider six

---

[2] The Bankruptcy Appellate Panel opinion explicitly required a finding of both bad faith and prejudice to creditors in order to dismiss with prejudice under § 349. <u>In re Leavitt</u>, 209 B.R. 935, 939, <u>aff'd</u>, 171 F.3d 1219 (9th Cir. 1999)(quoting <u>In re Tomlin</u>, 105 F.3d 933, 937).

11

factors in deciding whether to restrict vexatious litigants from access to the court:

> 1. The litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits.
>
> 2. The litigant's motive in pursuing the litigation
>
> 3. Whether the litigant is represented by counsel
>
> 4. Whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel
>
> 5. Whether other sanctions would be adequate to protect the courts and other parties
>
> 6. Whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process.

Id. (Quoting Safir v. United States Lines, Inc., et al., 792 F.2d 19, 23 (2nd Cir. 1986).

Although this is a close case, applying the above factors leads to the conclusion that the Debtors' access to the bankruptcy court should be restricted. Factors one, four, five, and six weigh against the Debtors. The Debtors' petitions have been duplicative because the Debtors have repeatedly filed the same petition in order to avoid the same creditors. Although there is no stay in place, the Debtors' omission of their previous cases could have led creditors to believe there was a stay, causing needless expense to creditors. The Debtors have burdened this Court by their repeated failure to pay filing fees, obtain credit counseling, appear at

12

meetings of creditors, and submit all the necessary documents to successfully prosecute their cases. The Debtors' failure to pay filing fees indicates that other types of sanctions would not protect the Court and other parties. Although the Debtors have shown small improvements with each filing, they continue to make significant mistakes that warrant dismissal. This pattern strongly suggests that future petitions will also have flaws that merit dismissal.

The factors that weigh in favor of the Debtors are that their stated motive is to obtain a fresh start and the fact that they are not represented by counsel. These two factors alone are not sufficient to overcome the conclusion that the Debtors should be restricted from access to the Court.

The bankruptcy court has the discretion to enjoin future filings to prevent abuse of the bankruptcy process. 11 U.S.C. § 105(a). The bankruptcy court can bar debtors from filing for as short as 180 days to as long as a permanent bar. In this case, the Debtors have failed to abide by orders of the Court. Their repeated dismissals suggest that they are vexatious litigants. The Court concludes that, given the facts recited above, a refiling bar of 180 days would be too lenient and a permanent bar would be too harsh. Consequently, the Debtors will be barred from future filings for two years.

**CONCLUSION**

For the above reasons, the Debtors' case will be dismissed with prejudice pursuant to §§ 707(a) and 349 so that they are

13

barred from refiling for bankruptcy under any chapter for a period of two years from the date of entry of the order dismissing the case. Appropriate sanctions will be imposed if they violate the bar.

END OF DOCUMENT

14

COURT SERVICE LIST

Dennis Tiner
Brenda Tiner
120 Village Square, #83
Orinda, CA 94563